**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**LINDA BAYLISS**                                                          **PLAINTIFF**

**v.**                          **Case No. 5:13-cv-00239-KGB**

**ECONOMY PREMIER**
**ASSURANCE COMPANY**                                                **DEFENDANT**

## ORDER

On May 13, 2014, the Court ordered that the physical examination of Ms. Bayliss

proceed and that Dr. Earl Peeples be permitted to perform the examination, subject to conditions

the Court would impose (Dkt. No. 12).   The Court invited parties to object to the proposed

conditions set out by the Court in that Order.   Defendant objected to the Court's proposed

condition that:

> At either party's option, with the party who exercises the option bearing the
> expense, a videographer or court reporter may be present during the medical
> examination to make a sound recording only of the complete examination; there
> will be no video recording of the examination.   The videographer or court reporter
> shall not interfere with Dr. Peeples's examination.   The videographer or court
> reporter shall not ask questions of Ms. Bayliss or Dr. Peeples during the physical
> examination.   Counsel shall provide a copy of the sound recording to opposing
> counsel.

(Dkt. No. 13).   In support of its objection, defendant attached an article by Dr. Robert J. Barth

titled "Observation Compromises the Credibility of an Evaluation" (Dkt. No. 13-1).   Ms. Bayliss

responded to this objection and indicated a desire to make an audio recording of her examination.

She also renewed her request to record the examination by video, as well as audio.

In her response, Ms. Bayliss correctly points out that the article submitted by Dr. Peeples

in support of his position states that some judicial systems require medical examinations such as

these to be recorded, evidencing a difference of opinion among authorities.   Further, the editor's

commentary at the end of the article states that the article's insight into the potential negative impact of observers is most relevant for the interview and that a "chaperone" is often appropriate during a physical examination to facilitate the process.

After considering the parties' positions and authorities cited, the Court overrules defendant's objection and will impose the proposed condition.  However, the Court determines that an audio recording will be sufficient, and plaintiff may not video record the examination as she requests.  If Dr. Peeples is unwilling to conduct an audio-recorded examination, defendant may select another doctor to conduct the examination and may request from this Court any reasonable relief necessary to do so.

The Court received no objections as to its other proposed conditions.  Accordingly, the Court imposes the following conditions on any physical examination of plaintiff:

1.     The parties must meet and confer on a mutually acceptable date and time to schedule the examination.  The parties must inform the Court when the date and time for the examination has been set.

2.     After being informed by the parties of the date and time for the examination, the Court will reset the rebuttal expert disclosures deadline.

3.     At either party's option, with the party who exercises the option bearing the expense, a videographer or court reporter may be present during the medical examination to make a sound recording only of the complete examination; there will be no video recording of the examination.  The videographer or court reporter shall not interfere with Dr. Peeples's examination.  The videographer or court reporter shall not ask questions of Ms. Bayliss or Dr. Peeples during the physical examination.  Counsel shall provide a copy of the sound recording to opposing counsel.

2

4.      Ms. Bayliss shall make every effort to arrive on time for the scheduled appointment with Dr. Peeples, and Dr. Peeples shall begin to examine Ms. Bayliss within 30 minutes of Ms. Bayliss's scheduled appointment time absent an emergency.

5.      Ms. Bayliss should not be required to bring with her to the examination or to obtain for Dr. Peeples medical records, x-rays, or test results of any kind, it being Economy Premier's duty to provide said items to Dr. Peeples.

6.      Ms. Bayliss should not be required to complete any forms or written questionnaires upon arrival at the office of Dr. Peeples, other than to furnish her name and personal identification.  If Dr. Peeples deems necessary the completion of any forms by Ms. Bayliss about her general medical history, then such shall be provided to Ms. Bayliss's counsel. Ms. Bayliss's counsel shall have the right to assist her in completing any forms that may be necessary or to otherwise make objections to same.

7.      Ms. Bayliss should not be required to submit to any invasive medical procedures, which includes anything that could reasonably be expected to result in bleeding, the need for any form of anesthesia to complete testing, or additional x-rays or any other testing that subjects Ms. Bayliss to radiation, unless good cause is further established for the need to perform such tests and the parties agree on the need to perform such tests or the Court orders such tests to proceed.

8.      Dr. Peeples shall prepare the examination report within 14 days of the physical examination and simultaneously furnish counsel for Economy Premier and counsel for Ms. Bayliss with a copy of same, together with a copy of the total charges billed for the examination, review of Ms. Bayliss's records, and all other charges to date by Dr. Peeples, and a copy of his current curriculum vitae.  The report must comply with the requirements of Federal Rule of Civil

3

Procedure 35(b)(2) in that it must be in writing and must set out in detail the findings, including the diagnoses, conclusions, and results of any tests.

9.      Dr. Peeples shall not refer to himself as an "independent medical examiner" nor shall he use the term "IME" or the like in his written report.  The work should be referred to as a "physical examination" or a "medical examination."

10.     Dr. Peeples shall not change, alter, or amend the findings set forth in the written report during any testimony that may be given, except upon prior written notice to all counsel of record in the case of anticipated changes to the report or additional testimony.

11.     Except for the expenses for the videographer or court reporter, which shall be paid by the party electing to make a sound recording of the examination, all other expenses relating to the examination shall be Economy Premier's responsibility.

12.     Economy Premier shall reimburse Ms. Bayliss for reasonable transportation expenses necessary to attend the examination from her home in Pine Bluff, Arkansas, to a location no more than 100 miles from her home; this reimbursement may include a reasonable rate for mileage.

13.     The Court retains jurisdiction to enforce or modify this Order as the Court deems proper under the circumstances.

        SO ORDERED this 2nd day of June, 2014.


_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE